[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
William Tiernan, Esq. Defense Counsel for Petitioner.
Robert O'Brien, Esq. Assistant State's Attorney for the State.
MEMORANDUM OF DECISION
Date of Sentence November 30, 1990 Date of Application November 30, 1990 Date of Application Filed November 30, 1990 Date of Decision February 25, 1992
BY THE DIVISION
After trial by jury petitioner was convicted of the crime of murder in violation of Connecticut General Statutes Section 53a-54a and a sentence of fifty years was imposed.
The facts underlying the conviction indicate that the victim, a competitor of petitioner in the drug business, was threatened by petitioner on a number of occasions and when the victim refused to vacate a disputed area petitioner shot him causing his death.
In arguing for the reduction in sentence petitioner's attorney stressed his client's minor criminal record and claimed that the sentence was disproportionately long. The attorney compared petitioner's sentence with sentences imposed in other murder convictions in the New Haven Judicial District. It was claimed that the aggravating factors in the other crimes did not exist in this case and that when compared with these other cases the sentence was excessive.
Speaking on his own behalf petitioner expressed sorrow for the incident and claimed he was doing drugs at the time. CT Page 2550
In arguing against a reduction the state's attorney stated the petitioner had been convicted of a premeditated murder for economic gain and that petitioner bragged about the killing.
In imposing sentence the judge, who heard all of the evidence at the trial stated that it was "a clean-cut premeditated murder, assassination. . . .It was planned in advance, carried out in accordance with a plan. It was done to eliminate a competitor in Mr. Grant's business activity."
Considering the seriousness of the crime and its obvious effect on the victim, it cannot be found that the sentence imposed was inappropriate or disproportionate in light of the nature of the offence and the need to protect the public interest. Conn. Practice Book Section 942.
The sentence is affirmed.
PURTILL, JUDGE
KLACZAK, JUDGE
STANLEY, JUDGE
Purtill, J., Klaczak, J., and Stanley, J. participated in this decision.